**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MIGUEL ANGEL ALCANTARA-GONZALEZ DE CHAVEZ | CIVIL ACTION NO. 26-1579 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| U.S. DEPT. OF HOMELAND SECURITY, ET AL. | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**MEMORANDUM RULING**

Miguel Angel Alcantara-Gonzalez De Chavez ("Petitioner"), a citizen of Cuba, filed a petition for a writ of habeas corpus alleging the Federal Respondents had detained him "beyond the removal period authorized by statute." Record Document 1 at 6. Petitioner then sought a fishing expedition, asking for his full A-file and all correspondence regarding "requests for removal, travel documents, and requests made to consulates and third countries regarding removal requests." Record Document 20 at 3. The Magistrate Judge granted that motion in part, ordering Federal Respondents to produce specific documents related to their removal efforts. Record Document 28 at 3. The Federal Respondents appealed that order, and for the following reasons, the Memorandum Ruling of the Magistrate Judge, Record Document 28, is **VACATED**. The Petitioner's Request for Discovery Order, Record Document 20, is **DENIED**.

Federal Rule of Civil Procedure 72 allows a party to appeal a non-dispositive order of the magistrate judge, and the district court must "modify or set aside any

part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015).

Here, the order for discovery constituted clear error because Petitioner does not have a viable challenge to the legality of his detention. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (requiring that the petitioner show "good cause for discovery under Rule 6(a)."). This Court has recognized, and more than once, "that an unlawful alien's refusal to cooperate is enough to obstruct removal." *Pena v. Acuna*, No. 26-1418, 2026 WL 3308145, at *2 (W.D. La. Nov. 2, 2026) (collecting cases). The Federal Respondents, through the declaration of its representative, established that Petitioner has refused to cooperate with his removal. Record Document 18-4 at 3. For example, Petitioner has refused to sign notices of removal and physically resisted removal efforts because on one occasion he refused to leave his pod and on another he "refused to exit the holding room and stated that he would not go to Mexico." *Id.* at 3-4. Based on this competent evidence, Petitioner will not be able to show that he is entitled to relief on his underlying habeas claim, and therefore, he is not entitled to discovery.

Considering the foregoing, the Federal Respondents Objection and Appeal From Magistrate Judge's Discovery Order, Record Document 29, is **GRANTED**. The Memorandum Ruling of the Magistrate Judge, Record Document 28, is **VACATED**,

and the Request for Discovery Order, Record Document 20, is **DENIED**. An order consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of November, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE